PER CURIAM:
Claimant, Earl K. Via, seeks an award of $1,369.89 from the Division of Highways for property damage sustained in a single vehicle accident which took place on December 18,1992, at 8:45 p.m„ on West Virginia Route 10, south of the town of Itmann in Wyoming County. Federal Kemper Insurance Company also seeks an award of $ 1,169.89 from the Division of Highways for subrogation of the amount which it paid to the claimant.
From the evidence adduced at the hearing on April 21, 1993, it appears that the claimant was driving a 1987 Mercury on Route 10 when his vehicle struck some rocks which were scattered in the road. The rocks apparently had come from a pile of rocks placed on the side of the road by the respondent. The claimant travels this road frequently; however, he had not seen these rocks in the road prior to the accident. The amount of damage to the claimant’s vehicle was *26 $ 1,369.89; however, his insurance company paid $ 1,169.89., leaving the claimant to pay his $200.00 deductible.
For the respondent, James David Cox, assistant supervisor, testified that the pile of rocks was the respondent’s stockpile and that it was nine and one-half feet from the pavement off the side of the road. He stated that the respondent first discovered that the rocks were scattered in the road when it received an emergency telephone call informing respondent of an accident at 9:00 p.m. Mr. Cox then went to the scene of the accident and cleared the road. However, the emergency telephone call was regarding another accident involving two females. It was not the accident involving the claimant. The respondent was not aware of the defective condition of the stockpile until after claimant’s accident. Furthermore, the respondent was not aware of the accident involving the claimant until the following day.
This Court finds, after reviewing the record, that the respondent had no actual or constructive notice of the defective condition of the stockpile prior to the accident, and that upon receiving notice of the same, that the respondent acted in a timely manner in correcting the defective condition. Therefore, the claimant has failed to establish negligence on the part of the respondent by a preponderance of the evidence and this claim must be denied.
Claim disallowed.